F I L E D
United States Court of Appeals
Tenth Circuit

MAR 17 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WILLIAM McNALLY,

     Plaintiff-Appellant,

v.

ARAPAHOE COUNTY DISTRICT
ATTORNEY OFFICE; EIGHTEENTH
JUDICIAL DISTRICT; JAMES J.
PETERS; JOHN ALBERT
TOPOLNICKI, JR.; TIMOTHY R.
NEFF; JEAN MARIE POWERS;
ROBERT R. GALLAGHER, JR., in
their professional capacities,

     Defendants-Appellees.

No. 99-1410

(D.C. No. 99-Z-1563)

(D.Colo.)

ORDER AND JUDGMENT  *

Before **SEYMOUR** , Chief Judge,  **EBEL** and **BRISCOE,**  Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).   The case is

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

William McNally appeals the dismissal of his claims against the Arapahoe County District Attorney's Office ("Office"). McNally sued the Office and several prosecutors – including James Peters, John Topolnicki, Timothy Neff, Jean Marie Powers, and Robert Gallagher – for alleged civil rights violations under 28 U.S.C. § 1983. The district court ruled that the defendants were absolutely immune from liability and dismissed the case. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I

McNally alleges the following facts. In June 1995, Colorado state trooper Robert Kladde stopped, detained, searched, and arrested McNally on Interstate 25 "at the place where Colorado Four-Seventy merges onto the interstate highway in Douglas County, Colorado." Plaintiff's Complaint ¶ 5. Trooper Kladde subsequently signed an affidavit stating that (1) McNally got out of the vehicle as soon as it was stopped; and (2) before he searched the vehicle, Kladde handcuffed and frisked McNally for safety reasons. Id. ¶ 7. Based on items recovered by Kladde from the vehicle, the Office later filed several drug and weapons charges against McNally in Douglas County court.

The county court conducted a motions hearing in February 1996. According to McNally, Kladde and others testified falsely at the hearing. Kladde

allegedly perjured himself by stating, among other things, that he frisked McNally before searching the vehicle. Id. ¶ 14. Colorado state trooper C.D. Blanscet also testified at the hearing. Blanscet stated both that officers perform "drug recognition evaluations" using a variety of techniques, and that the evaluations follow a "standardized method." Id. ¶ 15. This purportedly "false and inconsistent" testimony was used "to make certain that the drug recognition evaluation [of McNally] was admitted as evidence even though the examination was improperly performed." Id.

According to McNally, additional improprieties allegedly occurred in April 1996. At that time the Office "made an agreement" with McNally's attorney that "either a Frye hearing would transpire or two of the charges would be dismissed." Id. ¶ 18. The Office later refused to honor the terms of the bargain, "took the position that the agreement never existed," and "misled" both the court and McNally. Id. As a result, "no action was taken" by the Office "with regard to the agreement." Id. ¶ 20.

McNally's criminal trial commenced in May 1996. Trooper Kladde appeared as a witness for the prosecution at trial, id. ¶ 22, as did trooper William Herrington. Like trooper Kladde's and trooper Blanscet's, trooper Herrington's testimony was, in McNally's view, false. Herrington apparently testified about examining McNally's tongue and eyes after the arrest, even though "there was not

3

ample time" for trooper Herrington to perform such an exam. Id. ¶ 24. At the conclusion of the trial, a jury convicted McNally on all charges. Id. ¶ 25.

McNally appealed. Id. ¶ 26. Throughout the appeal, the Office refused to acknowledge any misconduct and "continue[d] to deny that [it] had in any way violated" McNally's constitutional rights. Id. ¶¶ 27-28. McNally alleges that an appeals court reversed his conviction on one charge, and ordered a new trial on another. Id. ¶ 29. In November 1998, the Office voluntarily dismissed the remaining charge. Id. ¶ 48. That same day, avers McNally, "following a hearing pursuant to Rule Thirty-Five of the Colorado Rules of Criminal Procedure," the trial court overturned "the remaining convictions" against him. Id. ¶ 49. Instead of re-trying McNally, the Office dismissed all pending charges. Id. ¶ 50.

In August 1999, McNally filed this § 1983 action. McNally alleges that Neff, the attorney who handled the motions hearing, and Powers, the attorney who handled the trial, (1) knew that trooper Kladde's testimony was false, id. ¶¶ 14, 22; (2) knew that trooper Blanscet's testimony was false, id. ¶¶ 15, 23; (3) knew that trooper Herrington's testimony was false, id. ¶ 24; and (4) misrepresented and failed to honor the agreement reached with McNally's counsel. Id. ¶¶ 18, 20-21. McNally alleges that Topolnicki, the chief deputy district attorney, wrongfully ignored this misconduct by filing an appellate brief. Id. ¶¶ 27-28. McNally further alleges that Gallagher and Peters, as district attorneys, were

4

"responsible for all actions undertaken by" and had imputed knowledge of the attorneys who handled his case. Id. ¶¶ 51-52.

The district court granted McNally leave to proceed in forma pauperis, and then dismissed his complaint sua sponte. Construing McNally's pro se complaint liberally under Haines v. Kerner, 404 U.S. 519, 520-21 (1972) and Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the court nonetheless concluded that the defendants were shielded from liability in their individual capacities by the doctrine of absolute immunity. Order and Judgment of Dismissal at 1-3. The court similarly held that McNally's claims against the defendants in their official capacities were barred by the Eleventh Amendment. Id. at 3-4. The court invoked 28 U.S.C. § 1915(e)(2)(B)(iii), which directs a trial court to "dismiss the case at any time" if the action "seeks monetary relief against a defendant who is immune from such relief."

## II

Because McNally does not challenge the district court's Eleventh Amendment ruling, see Appellant's Opening Brief at 5-6, the sole issue on appeal is whether the defendants are entitled to absolute immunity. "In determining immunity, we accept the allegations of [the plaintiff's] complaint as true." Kalina v. Fletcher, 118 S. Ct. 502, 505 (1997). Accordingly, our standard of review is de novo. See Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) ("We review de

5

novo a district court's conclusion on the question of absolute immunity."); cf. Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) (stating that this court reviews de novo a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

State prosecutors are absolutely immune from § 1983 suits based on activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 410, 430-31 (1976). While "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor," Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993),

> acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

Id.; see also Kalina, 118 S. Ct. at 507 (noting "the importance to the judicial process of protecting the prosecutor when serving as an advocate in judicial proceedings"). Imbler and its progeny distinguish between "the prosecutor's role as advocate for the State, which demands absolute immunity," and the prosecutor's performance of investigative and administrative functions, which "warrants only qualified immunity." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994).

6

McNally attempts to portray the defendants' purported wrongdoing as "investigative," but his own allegations reveal that the defendants' conduct is protected by the doctrine of absolute immunity. There is no allegation that the defendants themselves fabricated evidence. Instead, McNally asserts that the defendants knowingly permitted several witnesses to present false testimony. The defendants' evaluation and use of this testimony in court proceedings are absolutely privileged. Likewise, the defendants were acting as advocates in judicial proceedings when they decided to file an appellate brief and to allegedly disregard the agreement reached with McNally's counsel. No case cited by McNally holds to the contrary.

We DENY McNally's motion to proceed in forma pauperis and AFFIRM the district court's dismissal of McNally's complaint.

Entered for the Court

Mary Beck Briscoe
Circuit Judge